

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00423-CR, No. 02-24-00424-CR
No. 02-24-00425-CR, No. 02-24-00426-CR
No. 02-24-00427-CR, No. 02-24-00428-CR

———————————————

ANDRE CARL ROGERS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from 30th District Court[1]
Wichita County, Texas
Trial Court Nos. DC89-CR2024-0192-1, DC89-CR2024-0192-2, DC89-CR2024-0192-3, DC89-CR2024-0192-4, DC89-CR2024-0192-5, DC89-CR2024-0192-6

---

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

---

[1]After Rogers appealed, a new judge took the bench in the 89th District Court, and because the new judge recused himself, Rogers's cases were transferred to the 30th District Court.

**MEMORANDUM OPINION**

Appellant Andre Carl Rogers attempts to appeal his six convictions, but he waived his right to appeal by entering into a plea bargain with the State.

"The right to appeal in a criminal case is a statutory right," and in a plea bargain case, that right is extremely limited. *Dorsey v. State*, 662 S.W.3d 451, 452 (Tex. Crim. App. 2021, order). A plea-bargaining defendant may appeal only "(A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." Tex. R. App. P. 25.2(a)(2); *see* Tex. Code Crim. Proc. Ann. art. 44.02. The trial court must file a certification clarifying the defendant's right of appeal, and unless "a certification that shows the defendant has the right of appeal has . . . been made part of the record," we "must" dismiss the appeal. Tex. R. App. P. 25.2(a)(2), (d).

Here, the trial court's certification states that "the defendant," i.e., Rogers, "has waived the right of appeal." *See id.* And the record bears this out; it reflects that Rogers agreed to plead guilty to all six of his offenses, that the State agreed to recommend 35 years' confinement for one offense and 5 years' confinement for each of the others,[2] that the trial court entered judgments in accordance with the plea

---

[2]Rogers pleaded guilty to one count of first-degree felony injury to a child, four counts of third-degree felony injury to a child, and one count of third-degree felony evidence tampering. *See* Tex. Penal Code Ann. §§ 22.04(a)(1), (a)(3), (e), (f), 37.09(c),

bargain, and that Rogers signed waivers confirming that he "kn[ew] and fully underst[ood]" the resulting limitations on his right to appeal. The record further confirms that no relevant "written motion[s were] filed and ruled on" before Rogers entered his guilty pleas and that the trial court did not grant Rogers permission to appeal any other matters. Tex. R. App. P. 25.2(a)(2); *see* Tex. Code Crim. Proc. Ann. art. 44.02.

Accordingly, Rogers's appeals "must be dismissed" for want of jurisdiction.[3] Tex. R. App. P. 25.2(d); *see* Tex. R. App. P. 43.2(f); *Steinetz v. State*, Nos. 02-23-00058-CR, 02-23-00059-CR, 2023 WL 3643678, at *1 (Tex. App.—Fort Worth May 25, 2023, no pet.) (mem. op., not designated for publication) (dismissing for want of jurisdiction when defendant attempted to appeal plea bargains).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 20, 2025

---

(d). The State recommended 35 years' confinement for the first-degree felony and 5 years' confinement for each of the third-degree felonies. *See id.* §§ 12.32(a), 12.34(a).

[3]Rogers's waiver of his right to appeal is not a procedural irregularity that can be cured by amendment. *Cf.* Tex. R. App. P. 44.3.